UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **WILLIAM L. HUMBLES,** ) | |
| ) | |
|       **Petitioner** ) | |
| ) | |
| v. ) | No. 3:05cv0574 AS |
| ) | |
| **EDDIE BUSS, Superintendent of the** ) | |
| **Indiana State Prison, and** ) | |
| **STEPHEN R. CARTER, Indiana** ) | |
| **Attorney General,** ) | |
| ) | |
|       **Respondents** ) | |

*MEMORANDUM, OPINION AND ORDER*

In accord with the repeated orders of the Court of Appeals for the Seventh Circuit, this petition is now **DISMISSED** as to Stephen R. Carter, Attorney General of Indiana.

On or about September 12, 2005, *pro se* petitioner, William L. Humbles, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 22, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The court is also aware of and has examined the filing made by this pro se petitioner on May 15, 2006.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. His sentence was an aggregate of 50 years imposed in the state courts in St. Joseph County, Indiana in 1999. It is helpful to first consider an unpublished memorandum

decision by the Court of Appeals of Indiana entered on May 23, 2005. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The same was authored by Judge Friedlander and concurred in by Judges Robb and Bailey. There was an earlier opinion by the Court of Appeals of Indiana also authored by Judge Friedlander and entered on September 22, 2000 which is is marked as Appendix "B", attached hereto and incorporated herein. That opinion was concurred in by Judges Mathias and Najam. Certainly the decisions of the Court of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. It is also important to note two unanimous decisions of the Supreme Court of the United States decided the same day. *See Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). In this same vein, *see also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). Also more recently *see Rice v. Collins*, 125 S.Ct. 969 (2006). In this circuit, also see *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006). More recently in this circuit, *Badelle v. Correll*, No. 04-1602 (7th Cir. June 22, 2006) is very instructive as to the way in which the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), plays here. *See* 28 U.S.C. §2254(d). Also of some moment is *Williams v. Taylor*, 529 U.S. 362 (2000). At page 19 of the slip opinion in *Badelle* is a very helpful discussion of the way ineffective assistance of counsel plays out under *Strickland v. Washington*, 466 U.S. 668 (1984). The extensive

reasoning and result in *Badelle* supports the result here.  It is also of some moment to note the denial of transfer by the Supreme Court of Indiana on August 11, 2005.  This court is impressed with both the quantity and quality of the filing made by this petitioner on May 15, 2006.  In that regard, this court has taken the trouble to carefully examine *Conner v. McBride*, 375 F.3d 643 (7th Cir. 2004) and has followed closely the reasoning and result of Judge Kanne writing for the Court of Appeals in *Conner*.  That reasoning and result is compatible with the one here and manifests appropriate consideration of the standards in AEDPA.  Both *Conner* and *Badelle* have issues parallel with those here including issues under *Brady v. Maryland*, 373 U.S. 83 (1963).  Further noted here is the denial of transfer by the Supreme Court of Indiana on November 29, 2000.  The argument about the attempted murder instructions comes close to being one under state law rather than the Constitution, laws and treaties of the United States as explicated in *Estelle v. McGuire*, 502 U.S. 62 (1991).  Obviously the charges here were serious and deserve serious and careful consideration here.  They have certainly been given extensive consideration by the Court of Appeals of Indiana in two opinions, both of which the Supreme Court of Indiana denied transfer on November 29, 2000 and August 11, 2005. The arguments have been well presented here.  Some of the arguments are about state law and much of the arguments are a very cogent rehash of the proceedings and issues in state courts. Such decisions as *Woodford v. Visciotti*, 537 U.S. 19 (2002), *Early v. Packer*, 537 U.S. 3 (2002), and *Rice v. Collins*, 126 S.Ct. 969 (2006) must be and should be taken seriously and they are most

recently in *Badelle* in this circuit.  With regard to ineffective assistance of counsel, most recently *see Taylor v. Bradley*, No. 04-4061 (7th Cir. May 22, 2006).

When it is all said and done, there is no basis for relief presented here by this petitioner under 28 U.S.C. §2254.  Such is now **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  July 27, 2006

                                      **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**